IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| INTEGR8 FUELS, INC. | § | C.A. NO. |
| | § | |
| VS. | § | |
| | § | |
| BUNKER'S de MEXICO, SA de CV, | § | ADMIRALTY |
| BUNKER'S MEXICO ENERGY | § | |
| S.A.P.I. de CV and | § | |
| BUNKER'S MEXICO FUELS, | § | |
| S.A.P.I. de CV | § | |

## PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff, Integr8 Fuels, Inc. ("Integr8" and/or "Plaintiff"), complaining of Defendants Bunker's de Mexico, SA de CV ("BDM"), Bunker's Mexico Energy S.A.P.I. de CV ("BME") and Bunker's Mexico Fuels S.A.P.I. de CV ("BMF") (collectively "Defendants"), and, for cause of action, would respectfully show unto this Honorable Court as follows:

### I. PARTIES

1.1     Plaintiff Integr8 is a foreign company duly organized and operating under the laws of the Marshall Islands.  Integr8 is, and was at all material times, a seller of marine fuels to ship owners, agents and operators throughout the world.

1.2     Upon information and belief, Defendants were, and still are, related, privately owned foreign business entities organized and existing under the laws of Mexico, with a central principal place of business located at Calle Alfonso Esparza Oteo

99, Col Guadalupe Inn, 01020 Mexico DF, Mexico.  Upon further information and belief, BDM is one of the main fuel distributors in Mexico.  BME and BMF are affiliate companies of BDM which oversee and conduct the majority of BDM's bunker transactions.

## II. JURISDICTION

2.1     The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1333 because the suit involves admiralty and maritime jurisdiction.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This claim involves the breach of maritime contract for the supply of bunker fuel to a vessel.  This matter also arises under the Court's federal question jurisdiction within the meaning of 28 U.S.C. § 1331.

## III. VENUE

3.1     Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

## IV.  FACTS

4.1     At all material times relevant to this action, Integr8 acted as the agent of the vessel "BW SEINE" (hereinafter "the Vessel").

4.2     On or about July 1, 2014, Integr8, as purchaser, entered into a contract with BDM as seller, for the purchase of 50 metric tons of MGO (marine gas oil) at the price of $1,090 per metric ton and 1,050 metric tons of HSFO (high sulfur fuel oil) at the price of $625 per metric ton to be supplied to the Vessel at the Port of Manzanillo with a delivery

date range of between July 6, 2014 through July 10, 2014.  The contract also included barging costs to be paid by Integr8 in the amount of $4,500.  *See contract attached hereto as Exhibit 1.*

    4.3    The contract required Integr8 to pay cash in advance for the oil.  BME issued an invoice to Integr8 in the sum of $715,250 ($54,500 for MGO, $656,250 for HSFO and $4,500 barge fee).  *See BME invoice number BP/154 attached hereto as Exhibit 2.*

    4.4    Integr8 was instructed to make payment to BMF.  On or about July 2, 2014, Integr8 transferred the sum of $715,250 to BMF to cover the estimated cost of the supply.  *See Funds Transfer Transaction Details attached hereto as Exhibit 3 (all account numbers have been redacted.)*

    4.5    On or about July 10, 2014, the parties revised the contract and decreased the volume of HSFO from 1,050 metric tons to 950 metric tons.  *See revised contract dated July 10, 2014 attached hereto as Exhibit 4.*

    4.6    On or about July 10, 2014, Defendants, through its operations manager, Salvador Gaxoet, contacted Integr8 via email confirming the decrease of HSFO from 1,050 metric tons to 950 metric tons and informing Integr8 that "due to lack of Diesel and tank truck availability we will try to supply at least 33.2 MT [of MGO].  We will keep you informed later of the Diesel situation."  *See email correspondence dated July 10, 2014 at 11:38 a.m. attached hereto as Exhibit 5.*

4.7     On or about July 10, 2014, Integr8 contacted Mr. Gaxoet via email regarding the availability of diesel oil.  The email states: "[a]ccording to our phone conversations regarding availability of diesel at Manzanillo and potential delays to load the MGO at Pemex terminal tomorrow, we have checked with the customer and they can continue the voyage without taking the MGO at Manzanillo.  Please proceed to deliver the 950 MT of HSFO only."  *See email correspondence dated July 10, 2014 at 9:52 p.m. attached hereto as Exhibit 6.*

4.8     Mr. Gaxoet confirmed Intergr8's instructions via reply email on July 10, 2014 at 11:41 pm.  *See email correspondence dated July 10, 2014 at 11:41 p.m. attached hereto as Exhibit 7.*

4.9     On or about July 11, 2014, BDM delivered 950 metric tons of HSFO to the Vessel and issued a Marine Fuel Oils Bunker Receipt.  *See Bunker Receipt attached hereto as Exhibit 8.*

4.10    BMF issued an invoice dated July 29, 2014, for the 950 metric tons of HSFO delivered and the barge fee in the total amount of $598,250, *i.e.* $117,000 less than Integr8 had paid in advance under the original invoice. *See BMF Bunker's invoice attached hereto as Exhibit 9.*

4.11    Despite Integr8's demand for refund of the overpayment in the amount of $117,000.00, Defendants have failed and/or refused to remit the overpayment for oil which was paid for but not delivered.  *See demands for refund from Integr8 to Defendants dated September 3, 2015 and October 6, 2015 attached hereto as Exhibit 10.*

4.12     On or about October 22, 2015, Defendants sent correspondence to Integr8 from their commercial director advising of a change in taxation made by the Mexican government which they allege severely impacts the bunker supply industry.   Defendants alleged that the new taxation has resulted in a cash flow situation for Defendants but that they were soon to receive a cash influx and that at that point, Defendants "would be in a position to process the refund to Integr8." *See correspondence from Defendants to Integr8 dated October 22, 2015 attached hereto as Exhibit 11.*However, to date, no part of the refund has been paid to Integr8.

4.13     This action is brought to obtain jurisdiction over Defendants and also to obtain security for Integr8's claims.

## V.  DAMAGES

5.1     As best as can now be estimated, Integr8 expects to recover the following amounts as the prevailing party:

    a.    Principal Claim:                                                                                      $117,000.00
            *Refund for payment of bunker fuel that was not delivered*

    b.    Interest:                                                                                                       $      710.31
            *Running from July 29, 2014 until November 12, 2015*
            *Applicable interest rate of 0.41 per cent on federal court judgments*

**Total:**                                                                                                                      **$ 117,710.31**

## VI.  RULE B ALLEGATIONS

6.1     Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

Actions of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to Defendants. *See Affidavit of David S. Toy, attached hereto and incorporated herein by this reference.*

      6.2    Integr8 seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attach attaching, *inter alia*, any assets of Defendants held by any garnishee(s) within the District for the purpose of obtaining personal jurisdiction over Defendants, and to secure Integr8's claim as described above.

      WHEREFORE, Plaintiff prays:

A.     That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.     That since Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other property up to the amount of $117,710.31 belonging to, due or owing to, from, or for the benefit of the Defendants, including, but not limited to, such property as may be held, received or transferred in

   Defendants' name, or as may be held, received or transferred for its benefit within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishes to be named, including but not limited to Amegy Bank NA, and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure answer the matters alleged in the Verified Complaint;

C. That this Court retain jurisdiction over this matter through the entry of any judgment associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

D. That this Court award Plaintiff attorneys' fees and costs incurred in this action;

E. That in the alternative, this Court enter judgment against the Defendants on the claims set forth herein; and

F. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

            Respectfully submitted,

            */s/ David S. Toy*
            David S. Toy
            SBN 24048029 / SDTX ID 588699
            401 Louisiana Street, 8th Floor
            Houston, Texas 77002
            713-653-5600 - phone
            713-653-5656 - fax
            dtoy@spaglaw.com

**OF COUNSEL**:

SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, Texas 77002
713-653-5600 - phone
713-653-5656 - fax

LENNON, MURPHY & PHILLIPS, LLC
Patrick F. Lennon
Anne C. LeVasseur
420 Lexington Ave., Suite 300
New York, NY 10170
212-490-6050 - phone
212-490-6070 - fax
pfl@lmplaw.net
acl@lmplaw.net

*Attorneys for Plaintiff Integr8 Fuels Inc.*